# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2685

_____

| | |
|---|---|
| Leroy Smithrud, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| City of Minneapolis; John | * |
| and Jane Does 1 - 10, | * |
| | * |
| Appellees. | * |

_____

No. 11-2689

_____

Appeals from the United States
District Court for the
District of Minnesota.

| | |
|---|---|
| Leroy Smithrud, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| City of St. Paul; John and Jane | * |
| Does 1 - 10, | * |
| | * |
| Appellees. | * |

_____

Submitted: January 31, 2012
Filed: February 27, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In these consolidated cases, Leroy Smithrud appeals the district court's dismissals of his civil complaints for lack of subject matter jurisdiction. We affirm in part, reverse in part, and remand for further proceedings.

Smithrud alleged that the Cities of Minneapolis and St. Paul violated the United States Constitution and federal and state laws by declaring his properties nuisances and having them demolished. He initially sought relief in the Minnesota state courts, but his complaints there were all dismissed for lack of subject matter jurisdiction due to his untimely petitions for writs of certiorari to the Minnesota Court of Appeals. Smithrud later filed the instant complaints in federal court. The district court dismissed them for lack of subject matter jurisdiction, concluding that Smithrud's sole remedy for the claims arising out of the decisions to demolish his properties was through a writ of certiorari to the Minnesota Court of Appeals, and that his claims were barred by Rooker-Feldman.[1]

Upon careful review, see Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) (reviewing de novo district court's finding that it lacked subject matter jurisdiction), we agree with the district court that it lacked subject matter jurisdiction over Smithrud's state-law claims. See Larson v. City of Fergus Falls, 229 F.3d 692, 695 (8th Cir. 2000) (Minnesota state law governs breach-of-contract claim that is in federal court by way of supplemental jurisdiction; federal court must follow state procedures for resolving claim, and such procedures vest exclusive jurisdiction in Minnesota appeals court through writ of certiorari). We also conclude the district

_____

[1] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

judge did not plainly err in not recusing herself.  See 28 U.S.C. § 455(a); Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 663-64 (8th Cir. 2003) (standard of review).

Smithrud's federal claims, however, should not have been dismissed under Rooker-Feldman or 28 U.S.C. § 1738 (full faith and credit).  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (United States Supreme Court's appellate jurisdiction over state-court judgments precludes federal district courts from exercising subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . [that invite] district court review and rejection of those judgments"; Rooker-Feldman occupies "narrow ground" and "does not otherwise override or supplant preclusion doctrine"); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (Rooker-Feldman bars § 1983 suit only if district court must determine that state court's decision that it had no subject matter jurisdiction was wrong or that relief plaintiff requests would effectively void state court's determination that it had no subject matter jurisdiction; deprivation of state court subject matter jurisdiction in § 1983 suit does not affect federal district court's original jurisdiction).  We leave for the district court to consider in the first instance whether the complaint states a claim under federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949-50 (2009).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____