# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3713

_____

LeRoy Smithrud

*Plaintiff - Appellant*

v.

City of St. Paul; John and Jane Does 1-10

*Defendants - Appellees*

_____

No. 12-3736

_____

LeRoy Smithrud

*Plaintiff - Appellant*

v.

City of Minneapolis; John and Jane Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 17, 2013
Filed: March 26, 2014

_____

Before BYE, BRIGHT, and SMITH, Circuit Judges.

_____

BRIGHT, Circuit Judge.

LeRoy Smithrud (Smithrud) brought actions against the City of Minneapolis, the City of St. Paul, and John and Jane Does 1-10 (collectively "the cities") alleging violations of the Fair Housing Act (FHA), federal civil rights laws, and state law stemming from the cities' demolition of his properties after declaring them nuisances. The district court[1] dismissed the claims for lack of subject matter jurisdiction. In a consolidated appeal, we affirmed the dismissal of the state law claims, but reversed and remanded to the district court to consider whether Smithrud stated a claim under federal law. *See Smithrud v. City of Minneapolis*, 456 Fed. Appx. 634, 635 (8th Cir. 2012). On remand, the district court concluded that Smithrud failed to state a claim under federal law and that the statute of limitations barred his FHA claims. The district court subsequently denied his motion to alter or amend. Smithrud appeals. We affirm.

I.      **Background**

Relevant to this appeal, Smithrud owned two rental properties in St. Paul, Minnesota, located at 847 Agate and 1863 Montana, and an apartment building in Minneapolis, Minnesota, located at 2400 Dupont Avenue North. Both cities declared the properties nuisances and sought demolition. The cities made the respective decisions to demolish the properties on August 26, 2008, for the Minneapolis apartment and August 20, 2008, and September 10, 2008, for the St. Paul properties.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Seeking to prevent the demolition, Smithrud initially pursued legal action in Minnesota state courts but the district courts dismissed the complaints for lack of subject matter jurisdiction. The Minnesota Court of Appeals affirmed both dismissals. *See Smithrud v. City of Minneapolis*, No. A08-2157 (Minn. Ct. App. Sept. 15, 2009) (order); *Smithrud v. City of St. Paul*, No. A08-2003, 2009 WL 2927389 (Minn. Ct. App. Sept. 15, 2009).

On November 3, 2010, Smithrud filed nearly identical complaints against the cities in federal court alleging violations under the FHA, federal civil rights laws, and state law.[2] In its answer, St. Paul denied the allegations and raised the FHA's two-year statute of limitations as an affirmative defense. Minneapolis did not answer the complaint, and instead moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or alternatively, for summary judgment under Fed. R. Civ. P. 56. The district court dismissed the complaints for lack of subject matter jurisdiction and entered judgment for the cities.

Smithrud appealed. This court agreed that the district court lacked subject matter jurisdiction over Smithrud's state law claims, but held that the dismissal of the federal claims was improper, affirming in part, reversing in part, and remanding to the district court to determine whether Smithrud stated a claim under federal law. *See Smithrud*, 456 Fed. Appx. at 634.

---

[2]Smithrud also referenced the Americans with Disabilities Act (ADA) in his complaint and in memoranda filed with the district court, but he did not cite to a provision of the ADA that he claims the cities violated and made only vague assertions that lacked factual support. Thus, the district court concluded he failed to state a claim under the ADA. Because Smithrud conceded at oral argument that he was not pursuing any claims under the ADA, we will not address any potential ADA claims.

On remand, the district court ordered the parties to submit briefs on whether the complaints state a claim under federal law. In their briefs, both cities argued that the two-year statute of limitations barred Smithrud's FHA claims. Although St. Paul had raised the issue as an affirmative defense in its answer, the district court granted Smithrud leave to respond on the statute-of-limitations issue because it did not arise in the first appeal to this court or in Minneapolis' initial motion to dismiss. Smithrud argued that he had tolled the statute of limitations.

The district court rejected Smithrud's arguments and concluded that the two-year statute of limitations barred Smithrud's FHA claims and dismissed the complaints for failure to state a claim under federal law. Smithrud moved to alter or amend, which the district court denied. Smithrud appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II.    Discussion

In these consolidated cases, Smithrud argues that the district court erred by: (1) allowing the cities to file "another motion to dismiss" on remand; (2) excluding evidence; (3) ruling that the statute of limitations barred his FHA claims; (4) dismissing his complaints for failure to state a claim under federal law; and (5) denying his motions to alter or amend. We will address each argument in turn.

### A.    Motion to Dismiss

Smithrud argues that the district court erred by allowing the cities to file what he calls "another motion to dismiss."

However, a review of the record indicates that there was no second motion to dismiss. Rather, after this court remanded the case to the district court to determine whether Smithrud's complaints stated a claim under federal law, the district court

-4-

ordered the parties to submit simultaneous briefs on the issue. Minneapolis had already filed a Rule 12(b)(6) motion, and, as the district court noted on remand, it may also *sua sponte* dismiss a case pursuant to Rule 12(b)(6). *See Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991). In ordering the parties to brief the issue of whether Smithrud's complaints stated a claim under federal law, the district court followed the instructions on remand. The district court did not error.

## B. Exclusion of Evidence

Next, Smithrud argues that the district court erred by excluding evidence that he submitted.

When considering a Rule 12(b)(6) motion, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted) (internal quotation marks omitted). "The district court has the discretionary power to exclude exhibits not disclosed in compliance with its pretrial orders." *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897 (8th Cir. 1978).

Here, the district court stated that of the nearly 300 exhibits Smithrud submitted—the majority of which he had improperly submitted—the district court would "consider only those exhibits bearing on this motion." The record reflects that Smithrud repeatedly violated district court orders and improperly filed exhibits and documents in what the district court characterized as a "haphazard and chaotic manner" that "littered the docket with extraneous and unsolicited filings" and left the district court with "a nearly insurmountable challenge" of "unearthing" exhibits without identifiers. After reviewing the record, we conclude that the district court properly considered the relevant evidence and did not err.

## C.    Statute of Limitations

Smithrud next argues that the district court erred by concluding that the FHA's two-year statute of limitations barred his FHA claims.

We review de novo whether a statute of limitations bars a party's claim. *Emp'rs Reinsurance Co. v. Mass. Mut. Life Ins. Co.,* 654 F.3d 782, 791 (8th Cir. 2011). "The [FHA] prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)–(b)). Under the FHA, "[a]n aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B). An administrative proceeding begins when an aggrieved person files a complaint with the Secretary of the Department of Housing and Urban Development (HUD). *Id*. §§ 3602, 3610.

Here, the final decisions to demolish the properties occurred on August 26, 2008, for the Minneapolis apartment and August 20, 2008, and September 10, 2008, for the St. Paul properties. However, Smithrud did not file the present litigation until November 3, 2010, outside the two-year statute of limitations. As a result, the statute

of limitations prohibits Smithrud's claims unless he can demonstrate that tolling applies.[3] Smithrud makes three arguments as to why the statute of limitations should not bar his claims.

First, Smithrud argues that he did pursue administrative action by filing a complaint with HUD. As proof, he points to a letter he improperly submitted to the district court that he claims to have sent to HUD as part of an administrative challenge to orders to demolish his property. But as the district court concludes, "there is no indication that the letter was ever actually sent by Smithrud or received by HUD" and the "letter, standing alone, provides no support for the assertion that there was ever an administrative proceeding pending." Moreover, HUD is required by statute to acknowledge the filing of a complaint by serving notice upon the aggrieved person. *See* 42 U.S.C. § 3610 (a)(B)(i). The record contains no such notice. Thus, the letter does not show any pending administrative action with HUD. Smithrud's argument fails.

Next, Smithrud argues that he should be entitled to equitable tolling. This limited and infrequent form of relief requires a litigant to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Earl v. Fabian*, 556

---

[3]Although Minneapolis did not specifically plead the statute-of-limitations defense in its answer, which would normally result in Minneapolis waiving this defense, we have recognized that "when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation omitted) (internal quotation marks omitted). Because the district court may *sua sponte* dismiss a case pursuant to Rule 12(b)(6), *see Smith*, 945 F.2d at 1042-43, and it appeared from the face of Smithrud's complaint that the limitation period had run, *see* 42 U.S.C. § 3613(a)(1)(A), the district court properly addressed the statute-of-limitations issue. Moreover, the parties thoroughly briefed the issue.

F.3d 717, 722 (8th Cir. 2009). Smithrud cannot establish either element. Smithrud did not diligently pursue his rights. Rather, he waited more than a year after the conclusion of his state court proceedings before filing a nearly identical claim in federal court. Additionally, Smithrud does not point to any extraordinary circumstances that kept him from filing within the statute of limitations.

Finally, Smithrud argues that the "continuing violations" doctrine should apply because he contends that ongoing violations existed that toll the statute of limitations. However, because Smithrud does not refer to any specific instance of an ongoing violation after the ordered demolition of the properties, this doctrine does not apply.

In sum, the district court did not err in concluding that the statute of limitations bars Smithrud's FHA claims.

### D.     Failure to State a Claim

Next, Smithrud argues that the district court erred by dismissing his complaints for failure to state a claim under federal law. Because we conclude that the statute of limitations bars Smithrud's FHA claims, we need only address his remaining civil rights claims.

This court reviews de novo the grant of a motion to dismiss, taking all facts alleged in the complaint as true, and making reasonable inferences in favor of the nonmoving party. *Cent. Platte Natural Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011). To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Further, in reviewing a dismissal under Rule 12(b)(6), this court is not limited

to the allegations in the complaint, but may also consider "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted).

In his complaints, Smithrud makes vague references to 42 U.S.C. §§ 1981-83, appearing to challenge the dismissal of his state court claims.  On appeal, however, Smithrud argues that he asserted *Monell* claims pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).[4]  But, as the cities observe, Smithrud's complaints make no reference to *Monell* and fail to allege any of the required elements to support such a claim.  Thus, the district court did not err in concluding that Smithrud's complaints failed to state a claim under federal law.  *See Iqbal*, 556 U.S. at 678.

**E.      Motions to Alter or Amend**

Finally, Smithrud argues that the district court erred by denying his motions under Fed. R. Civ. P. 52(b) and 59(e) to alter or amend.

As the district court properly noted, Rule 52 applies to "an action tried on the facts without a jury" in which the district court makes findings of fact.  Fed. R. Civ. P. 52(a)(1).  Here, no actual trial occurred, nor did the district court  make any findings of fact.  Thus, the district court did not err in rejecting Smithrud's Rule 52(b) motions.

---

[4]Under a *Monell* claim, Section 1983 liability may attach to a municipality "if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citations omitted) (quoting *Monell*, 436 U.S. at 690-91).

As to Smithrud's Rule 59(e) motions, such motions serve a limited function: "correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted) (internal quotation marks omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and this court will not reverse absent a clear abuse of discretion." *Id.* After reviewing the record, we conclude that the district court made no errors of law in need of correction. Thus, the district court did not abuse its discretion in denying the motions.

## III. Conclusion

For the foregoing reasons, we affirm.

BYE, Circuit Judge, concurring in part and concurring in the result.

I join in the reasoning set forth in all portions of the majority opinion except section II.C with respect to Smithrud's FHA claims against Minneapolis.[5] The district court dismissed those claims as untimely and did not rule whether Smithrud had failed to state his FHA claims. I conclude Smithrud made sufficient allegations for those claims to survive Minneapolis's timeliness argument, at least at the pleadings stage.

Smithrud contends his FHA claims were timely, arguing he filed a HUD complaint which triggered administrative proceedings tolling the statute of limitations. If proceedings were pending before HUD, they could have tolled the statute of

---

[5]My disagreement with the majority's reasoning is based on the presence in the record of the proceedings against Minneapolis of Smithrud's complaint letter to HUD. No such letter was properly before the district court in the record of the proceedings against Saint Paul.

limitations sufficiently to render Smithrud's FHA claims timely.  See 42 U.S.C. § 3613(a)(1)(B).

It is to be noted Minneapolis asserted its timeliness defense in the context of a Rule 12(b)(6) determination.  In making such a determination, a court must accept a plaintiff's factual allegations as true and determine whether the plaintiff has alleged a plausible entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Put another way, the plaintiff's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level[.]"  Id. (citations omitted).  Accordingly, at the pleadings stage, in order for Smithrud's FHA claims to survive the timeliness defense asserted by Minneapolis, some factual allegation consistent with a proceeding plausibly being pending before HUD must have appeared in the pleadings.

Smithrud points us to his draft of a letter to HUD complaining about Minneapolis's actions.  It is a plausible inference that Smithrud, having drafted the letter, sent it to HUD and HUD had accepted it, thus initiating proceedings which could have tolled the statute of limitations.  Given HUD's statutory obligation to provide notice of such proceedings and the absence of any such notice in the record, I acknowledge it is improbable HUD actually commenced administrative proceedings.  However, Twombly did not impose a probability requirement.  See id. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage[.]").  In addition, the Twombly court expressly noted a sufficiently pled complaint could proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002)).  Keeping in mind the standard articulated in Twombly, I conclude Smithrud's letter is sufficient to raise his allegation about administrative proceedings having been pending before HUD above a speculative level, albeit barely.

I nonetheless concur in the dismissal of Smithrud's FHA claims against Minneapolis because Smithrud failed to adequately state those claims. See Warner Bros. Entm't, Inc. v. X One X Prods., 644 F.3d 584, 591 (8th Cir. 2011) ("We may affirm the judgment of the district court on any basis disclosed in the record . . . .") (internal quotation marks and citation omitted). As the district court noted, of Smithrud's numerous filings, the documents which were properly before the district court contain only legal conclusions when it comes to the elements necessary to establish his FHA claims. See Minneapolis Br. Add. 10 n.7. Smithrud attempts to assert those legal conclusions as facts. We are not, however, required to accept as true the legal conclusions a plaintiff asserts as facts. Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 804 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

_____