# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3366

_____

Timothy L. Ashford; Timothy L. Ashford, P.C.L.L.O.

*Plaintiffs - Appellants*

v.

Douglas County; State of Nebraska

*Defendants*

John Does, 1-1000; Jane Does, 1-1000; W. Russell Bowie, in his Official
Capacity; Craig McDermott, in his Official Capacity

*Defendants - Appellees*

Douglas Johnson; Leslie Johnson; John Doe; Shelly Stratman; Horacio Wheelock

*Defendants*

Thomas Riley, Individually and in his Official Capacity

*Defendant - Appellee*

Denise Frost

*Defendant*

James Gleason, Individually and in his Official Capacity; Timothy Burns,
Individually and in his Official Capacity; Derick Vaughn, Individually and in his
Official Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 16, 2017
Filed: January 25, 2018
[Published]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Nebraska lawyer Timothy Ashford appeals a district court order dismissing his race discrimination suit on grounds of judicial and quasi-judicial immunity. We conclude that Ashford lacked standing in the district court, so we vacate the district court's judgment and remand with instructions to dismiss the case without prejudice.

Our decision turns on the facts that were before the district court when it granted the motion to dismiss under Fed. R. Civ. P. 12(b)(6). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014) (quotation omitted). We must treat the complaint's factual allegations as true. See Taxi Connection v. Dakota, Minnesota & E. R.R. Corp., 513 F.3d 823, 825–26 (8th Cir. 2008).

-2-

Ashford's pleadings necessarily embrace Nebraska Fourth Judicial District Local Rule 4-17.[1] That rule sets out the process for appointing lawyers to represent indigent defendants in Douglas County. To be appointed to the panel of attorneys eligible to represent indigent defendants, licensed Nebraska lawyers must submit an application to the Douglas County District Court Administrator. R. 4-17(H). A selection committee then meets and decides whether each applicant is eligible to join the panel, and what types of cases the applicant is eligible to receive. R. 4-17(F)(2). The selection committee is made up of four judges, two private attorneys with criminal defense experience, and the Douglas County Public Defender. Id. Beyond requiring that the selection committee "meet at least once each year, and at such other times as the Committee deems appropriate," the rule does not set out the dates for committee meetings. Id.

Rule 4-17 went into effect on April 1, 2015, three months after Ashford initially filed this lawsuit. On June 29, 2015, Ashford filed his Rule 4-17 application. He sought eligibility to represent indigent murder defendants. About six weeks later, on September 1, 2015, Ashford filed his now operative second amended complaint. That complaint alleged only that Ashford had not yet received a response from the selection committee.

The district court dismissed Ashford's claims under Fed. R. Civ. P. 12(b)(6) because it concluded that the selection committee members were protected by judicial and quasi-judicial immunity. We express no opinion on that determination. Instead, we conclude that Ashford's second amended complaint did not adequately allege an injury in fact, and so did not vest the district court with jurisdiction.

---

[1]Although Ashford's complaint does not explicitly cite Rule 4-17, its allegations refer to the Rule 4-17 selection committee members, and it references the Rule 4-17 panel-selection process. The named defendants are parties to this case by virtue of their membership on the Rule 4-17 selection committee. The rule is also a matter of public record.

Before a federal court may resolve the merits of a plaintiff's claims, the "plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 794 (8th Cir. 2016) (quotation marks omitted).

Ashford's complaint alleges that he applied to represent indigent murder defendants on June 29, 2015, and had not heard back by September 1, 2015. But the selection committee is only required to meet once per year. See R. 4-17(F)(2). Ashford does not allege that the selection committee has even considered his application. Nor does the selection committee's six-week silence raise an inference that it de facto denied Ashford's application through inaction.

We are mindful that facts may have developed during the long pendency of this litigation. But those facts are not now before us. We are bound to evaluate standing based on the record that was before the district court. That record lacked factual allegations sufficient to establish an injury in fact and permit meaningful evaluation of judicial and quasi-judicial immunity. The district court therefore lacked jurisdiction to adjudicate Ashford's claims.

We deny as moot Ashford's pending motions to take judicial notice,[2] vacate the judgment of the district court, and remand with instructions to dismiss the case without prejudice.

_____

[2] Ashford's November 16, 2017, motion is styled a motion "to seal a document," but is in fact a motion to take judicial notice of a sealed document.