# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1782
_____

Rachel Stewart; William Stewart

*Plaintiffs - Appellants*

v.

Norcold, Inc.; Thetford Corporation; Dyson-Kissner-Moran Corporation

*Defendants - Appellees*

Camping World, Inc., doing business as Camping World of Rogers

*Defendant*

Does 1-50, inclusive

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 20, 2021
Filed: January 27, 2022
_____

Before SMITH, Chief Judge, WOLLMAN and BENTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Rachel and William Stewart (the Stewarts) brought this product liability action against Norcold, Inc., Thetford Corporation, and Dyson-Kissner-Moran Corporation (collectively, Norcold) for damages arising from a fire that destroyed their RV in 2016. The district court[1] granted Norcold's motion for summary judgment and denied the Stewarts' post-judgment motion. The Stewarts appeal from both decisions. We affirm.

The Stewarts purchased an RV in 2013 from Todd Spitler, who financed their purchase through a bank loan. The RV was equipped with a refrigerator manufactured by Norcold. In 2016, the RV was destroyed in a fire that the Stewarts allege was caused by the Norcold refrigerator. The Stewarts brought product liability claims against Norcold seeking damages including the market value of the RV, emergency expenses, the value of lost personal property, and the payoff of the loan balance on the RV.

Norcold moved for summary judgment. During the hearing on the motion, the Stewarts affirmed the district court's statement that the amount of the loan constituted "the alleged damages that are the subject of this lawsuit at this time." Shortly thereafter, the Stewarts stated, "we are not seeking recovery of the damage to the RV." The district court's order granting the motion for summary judgment stated that "the only claim that remains in this lawsuit is for the loan payoff amount of $43,201.85." D. Ct. Order of Oct. 9, 2020, at 3. At no time during the hearing on the motion for summary judgment, during the post-judgment motion, or on appeal have the Stewarts alleged that the district court erred in determining that the only damage claim at issue was the loan payoff amount.

---

[1]The Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Nevertheless, in their reply brief on appeal, the Stewarts assert that they "*retained a damage claim* against [Norcold]" for $106,885, which includes damages for the market value of the RV, emergency expenses, and the value of lost personal property. The Stewarts have not addressed—and certainly have not rebutted—the district court's determination that the loan payoff amount was the only damage claim at issue. They thus have waived any challenge to that determination. See XO Mo., Inc. v. City of Md. Heights, 362 F.3d 1023, 1025 (8th Cir. 2004) (concluding that by failing to address issue on appeal, party waived any challenge to district court's determination of that issue); United States v. 24.30 Acres of Land, 105 F. App'x 134, 135 (8th Cir. 2004) (per curiam) (concluding that by failing to address jurisdiction on appeal, party waived any challenge to district court's determination that it lacked jurisdiction, and declining to reach the merits). Accordingly, we do not reach the merits of their arguments related to the other damages.

The district court properly denied the Stewarts' motion for an amended judgment and for additional findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(b). Rule 52(b) applies to "an action tried on the facts without a jury" in which the district court makes findings of fact. Fed. R. Civ. P. 52(a)(1); see also, id. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 . . . ."). Accordingly, the motion was correctly denied as procedurally improper. See Smithrud v. City of St. Paul, 746 F.3d 391, 397 (8th Cir. 2014) (affirming denial of Rule 52(b) motion that followed grant of motion to dismiss under Rule 12 because no trial had occurred and district court had not made findings of fact).

The judgment is affirmed.

_____