FILED
United States Court of Appeals
Tenth Circuit

March 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIA FERNANDEZ; LAURA
CHACON,

     Plaintiffs - Appellants,

and

RUBI JAZMIN ORTEGA AGUILAR,

     Plaintiff,

v.

CLEAN HOUSE, LLC; CESAR
BARRIDA, a/k/a Cesar Barriga,

     Defendants - Appellees.

No. 17-1230

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:16-CV-02140-LTB)**
_____

Alexander Hood, Towards Justice, Denver, Colorado (Alexander L. Gastman and Penn
A. Dodgon, AndersonDodson, P.C., New York, New York, on the briefs), for Plaintiffs-
Appellants.

Teresa M. Wilkins, Law Firm of Teresa Wilkins, LLC, Englewood, Colorado, for
Defendants-Appellees.
_____

Before **BRISCOE**, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.

_____

Plaintiffs Maria Fernandez and Laura Chacon appeal the dismissal by the United States District Court for the District of Colorado of their Fair Labor Standards Act (FLSA) claims against Defendants Clean House and Cesar Barrida. Plaintiffs allege that Defendants failed to properly compensate them as employees. The general limitations period under the FLSA is two years, but that period is expanded to three years for willful violations. *See* 29 U.S.C. § 255(a). Plaintiffs' employment had ended between two and three years before they filed suit. Although the complaint alleged that Defendants' violations had been willful, Defendants moved to dismiss the claims as untimely on the ground that Plaintiffs had not supported their allegation of willfulness with sufficiently specific facts. The district court agreed with Defendants and dismissed the claims with prejudice. Plaintiffs argue that the statute of limitations is an affirmative defense which they did not need to anticipate in their complaint by alleging willfulness, and, in any event, their allegation of willfulness was adequate. We agree. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

## I.    BACKGROUND

Plaintiffs filed their original complaint on August 24, 2016, alleging violations of the FLSA and Colorado law. (They were joined by a third plaintiff who is not a party to this appeal.) They later filed an amended complaint (the Complaint), which is the operative pleading on appeal. The Complaint alleges that Plaintiffs began working as house cleaners for Defendants in May 2013, with Fernandez continuing until February 2014 and Chacon until April 2014. Both allegedly worked well over 40 hours per week, often

2

working 11–12 hours a day and up to 77 hours per week. According to the Complaint, Defendants misclassified them as independent contractors instead of employees and as a result Defendants denied them, among other things, FLSA-required overtime pay, breaks, and minimum wages. On the issue of scienter, the Complaint alleged the following:

> 15. At all times material to this action, Defendant Clean House *knew of the FLSA* and CWA's *requirements* that it pay at least the minimum wage to all employees covered by the aforementioned acts for each and every hour worked and overtime rates of one and one-half their regular rates of pay for all hours worked over forty in a given workweek to nonexempt workers.
>
> 16. In choosing to pay Plaintiffs as it did, Defendant Clean House *willfully violated the mandates of the laws at issue here.*

Aplt. App. at 50 (emphasis added).

Defendants moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a timely claim. Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), they argued that the Complaint "allege[d] no supporting facts in support of" the allegation of willfulness and "[u]nsupported labels and legal conclusions . . . are insufficient to establish a plausible claim." Aplt. App. at 88. The district court agreed, citing both *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in ruling that the Complaint had not plausibly alleged willfulness. It later entered an order dismissing Plaintiffs' claims with prejudice. Although the claims of the third plaintiff continued, the court certified its order as final under Federal Rule of Civil Procedure 54(b). Plaintiffs appeal the dismissal of their FLSA claims but do not appeal the dismissal of their claims under Colorado law.

## II.    DISCUSSION

We review de novo a district-court dismissal of a complaint for failure to state a claim. *See Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). "To defeat a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Under the FLSA a claim "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of *a willful violation* may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added). Because the Complaint alleges that neither Plaintiff had worked for Defendants for more than two years before the Complaint was filed, their claims were barred unless Defendants' alleged FLSA violations were willful. The Complaint alleges willfulness, but the district court nevertheless dismissed the FLSA claims, ruling that the willfulness allegation was not supported by sufficient factual allegations to make it plausible.

The first flaw in Defendants' argument is the failure to recognize that willfulness is not relevant to the elements of Plaintiffs' claims but only to the statute-of-limitations defense. At the pleading stage of litigation it is not the plaintiff, but the defendant, who must raise the issue. Federal Rule of Civil Procedure 8(c)(1) states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." A plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("[T]he burden of pleading [affirmative defenses] rests

4

with the defendant."); *Ghailani v. Sessions*, 859 F.3d 1295, 1306 (10th Cir. 2017) (the complaint need not anticipate affirmative defenses); *Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014) ("The [Supreme] Court held in *Gomez* . . . that complaints need not anticipate affirmative defenses; neither *Iqbal* nor *Twombly* suggests otherwise."). And there can be no question that a limitations issue is an affirmative defense; Rule 8(c)(1) explicitly lists "statute of limitations" as such. Further, even after the defendant has pleaded an affirmative defense, the federal rules impose on the plaintiff no obligation to file a responsive pleading. Absent a counterclaim or cross-claim, pleading under the Federal Rules stops with the answer. *See* Fed. R. Civ. P. 7(a)(7) (reply to answer is permitted only if ordered by court); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) ("Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." (internal quotations marks omitted)).

To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965) ("If the defense appears plainly on the face of the complaint itself, the motion [to dismiss for failure to state a claim] may be disposed of under [Rule 12(b)].").

Under that standard, this is not an appropriate case to dismiss on statute-of-limitations grounds. The Complaint hardly contains an admission that the alleged FLSA violations were not willful. On the contrary, it asserts willfulness. Ultimately, Plaintiffs will have the burden of persuasion on the willfulness issue. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988); *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011). But on the burden of pleading, Rule 8(c)(1) controls. This is one of the unusual circumstances where the burdens of pleading and persuasion are not on the same party.

Moreover, we are not persuaded that the Complaint inadequately pleaded willfulness. Federal Rule of Civil Procedure 9(b) states: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." On this ground the Ninth Circuit held in *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902–03 (9th Cir. 2013), that willfulness was adequately alleged in an FLSA claim when the complaint merely stated that the alleged violations were "deliberate, intentional, and willful," *id.* at 902. We recognize that in some circumstances there must be more specific factual allegations to support willfulness. In *Iqbal* itself the Supreme Court said that the allegations of misconduct by line officers in the Department of Justice could "if true, and if condoned by petitioners [the Attorney General and the Director of the FBI], . . . be the basis for some inference of wrongful intent on petitioners' part," 556 U.S. at 683, but the bare allegation of willfulness (absent, for example, evidence of condonation), did not suffice, *see id.* at 686–87. In the case before us, however, if we assume that the Complaint adequately alleges an FLSA violation (which Defendants do not challenge on appeal), we

6

follow the Ninth Circuit's lead in concluding that the allegation of willfulness suffices. *See Rivera*, 735 F.3d at 902–03. The Complaint indicates that the company employing Plaintiffs was sufficiently small that Defendants would have knowledge of the conduct that allegedly violated the FLSA. Whether the violations were willful would thus depend largely upon Defendants' knowledge of the pertinent requirements of the FLSA, and such knowledge is plausible.

Defendants argue that the effect of adopting Plaintiffs' argument is that what the FLSA envisioned as an *exception* (the three-year statute of limitations) will swallow the *rule* (the two-year statute of limitation), increasing costs to parties and the courts by allowing unmeritorious claims to proceed past pleading and into discovery. We do not know how often FLSA claims are brought more than two, but less than three, years after alleged violations. Regardless, we can sympathize with any defendant facing a meritless claim. But our decision does not represent a departure from the usual practice when defendants raise affirmative defenses, however meritorious they may be. The defendant's first line of defense in that circumstance is ordinarily summary judgment, not dismissal on the pleadings. That would almost certainly have been the procedure here if Defendants had raised an affirmative defense of payment or arbitration and award. Plaintiffs rarely confess such defenses in their complaints.

Because we reverse the dismissal of the Complaint, we need not address Plaintiffs' alternative argument that they should be permitted to amend their complaint.

## III.    CONCLUSION

We **REVERSE** the dismissal of Plaintiffs' FLSA claims and remand to the district court for further proceedings.