FILED
United States Court of Appeals
Tenth Circuit

June 28, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

MIA M. SHIELDS,

     Plaintiff - Appellant,

v.

THE UNITED STATES POSTAL
SERVICE,

     Defendant - Appellee.

No. 17-1394
(D.C. No. 1:16-CV-02517-CBS)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    Plaintiff Mia M. Shields appeals the dismissal by the United States District Court for the District of Colorado of her third amended complaint (the Complaint), which alleged that her former employer, the United States Postal Service (Defendant), had violated the Equal Pay Act (EPA), 29 U.S.C. § 206.[1] Defendant had moved to dismiss on the ground that the claim was barred by the EPA statute of limitations. *See id.* § 255(a);

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Complaint might be broadly read to include other claims; but at a status conference at which the district court authorized the filing of the pleading, the court restricted Plaintiff's claims to those under the EPA.

*Sinclair v. Auto. Club of Oklahoma, Inc.*, 733 F.2d 726, 728–29 (10th Cir. 1984) (applying 29 U.S.C. § 255(a) as the statute of limitations for EPA claim). We reverse.

We review de novo a district-court dismissal of a complaint for failure to state a claim. *See Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). "To defeat a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "[W]e must construe a pro se appellant's complaint liberally" *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Thus, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged . . . ." *Id.*

The Complaint alleged that Defendant paid her less than men working in the same position. This, she claimed, violated the EPA. *See* 29 U.S.C. § 206(d)(1) (prohibiting an employer from "paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."). The EPA's prohibition does not require that the employer pay such differential wages with any particular mental state; so the employer's scienter is not an element of an EPA claim. *See id.*; *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1310–11 (10th Cir. 2006).

The EPA statute of limitations, however, does have a scienter component. The limitations period is ordinarily two years, but it extends to three years if the employer's violation was willful. *See* 29 U.S.C. § 255(a). Defendant's motion to dismiss pointed out

that the Complaint was filed more than two years after the date of Plaintiff's termination by Defendant (the termination notice was attached to the original complaint) and that the Complaint does not allege willfulness.

Nevertheless, dismissal of the complaint was error. As we stated in a recent opinion, the bar of the statute of limitations is an affirmative defense, and therefore need not be anticipated in the plaintiff's complaint. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298–99 (10th Cir. 2018). "Further, even after the defendant has pleaded an affirmative defense, the federal rules impose on the plaintiff no obligation to file a responsive pleading." *Id.* at 1299. Dismissal under Fed. R. Civ. P. 12(b)(6) ordinarily can be based on an affirmative defense "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Id.* Here, as we said above, the Complaint states the elements of an EPA claim; and Plaintiff had no burden to allege willfulness in anticipation of a limitations defense. Since the complaint does not affirmatively allege lack of willfulness, dismissal of the complaint was improper. Defendant's statute-of-limitations defense must await a trial or a motion for summary judgment. *See id.* ("Ultimately, Plaintiffs will have the burden of persuasion on the willfulness issue. But on the burden of pleading, [Fed. R. Civ. P.] 8(c)(1) controls. This is one of the unusual circumstances where the burdens of pleading and persuasion are not on the same party." (citations omitted)).

**CONCLUSION**

We **REVERSE** the judgment below and **REMAND** for further proceedings.  We

**GRANT** Plaintiff's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge