FILED
United States Court of Appeals
Tenth Circuit

June 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MIRIAM ZEVALLOS,

     Plaintiff - Appellant,

v.

ALLSTATE PROPERTY AND
CASUALTY COMPANY,

     Defendant - Appellee.

No. 18-1150
(D.C. No. 1:17-CV-00189-RM-KHR)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **CARSON**, Circuit Judges.
_____

Plaintiff Miriam Zevallos appeals the district court's grant of judgment in favor of

Defendant Allstate Property and Casualty Insurance Company.  The sole issue before us

is whether Colorado public policy renders void a settlement agreement entered into by

Plaintiff and Allstate.  This issue was recently resolved by our decision in *McCracken v.*

*Progressive Direct Insurance Co.*, 896 F.3d 1166 (10th Cir. 2018).  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

The relevant facts are not disputed on appeal. On August 20, 2012, Plaintiff was injured in an automobile accident. She was insured under a policy issued by Allstate that provided two types of coverage relevant to this dispute: $5,000 coverage for Medical Payments (MedPay) and $50,000-per-person/$100,000-per-accident coverage for Uninsured and Underinsured Motorist (UM/UIM) benefits. Allstate paid Plaintiff $5,000 under her MedPay coverage; and she reached a $100,000 policy-limit settlement with the tortfeasor's insurer. She then sought to recover from Allstate under her UM/UIM coverage.

On June 11, 2014, Allstate sent Plaintiff a letter offering to settle the UM/UIM benefits claim. The letter stated that Allstate had calculated Plaintiff's total damages as $96,737 ($68,737 in medical expenses plus $28,000 in noneconomic damages) and evaluated her claim at $91,737 after subtracting the $5,000 previously paid under the MedPay coverage. The letter explained that "[b]ecause of the non-duplication of benefits clause, the specials were reduced by $5,000 that was paid under Medical Payments coverage." Aplt. App. at 91. Allstate concluded that Plaintiff's evaluation of her claim was "within the amount settled by the underlying $100,000" and therefore offered her "$1500 as a compromised offer of settlement." *Id*. Ultimately, the parties executed a settlement agreement on September 26, 2014, with Allstate paying Plaintiff $2,700.00 in UM/UIM benefits and Plaintiff discharging Allstate of all liability under the UM/UIM coverage.

More than two years later, the Colorado Supreme Court held in *Calderon v. American Family Mutual Insurance Co.*, 383 P.3d 676, 679–80 (Colo. 2016), that the

2

setoff prohibition of Colo. Rev. Stat. § 10-4-609(1)(c) (2016) bars insurers from subtracting MedPay benefits from their UM/UIM liability. Four days after that decision, Plaintiff filed a putative class action against Allstate in Colorado state court alleging breach of contract and seeking damages and a declaratory judgment on the ground that the Allstate companies had unlawfully "reduce[d] amounts paid to their insureds under their [UM/UIM] coverages by setoffs from their [MedPay] coverages under their respective automobile policies." Aplt. App. at 26. Allstate removed the case to the United States District Court for the District of Colorado. Allstate's answer attached copies of the insurance policy, its settlement-offer letter, and the settlement and release executed by Plaintiff.

Allstate moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). The district court granted the motion, ruling that Plaintiff's claim was barred by the release in her settlement agreement, which was not contrary to Colorado public policy.[1]

---

[1] We question the propriety of the district court's resolving this case under Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Under both rules we examine whether the complaint's allegations are "enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009); *see id.* at 1223. In certain circumstances, a court ruling on a motion to dismiss under Rule 12(b)(6) or 12(c) may consider other documents or facts outside the complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). For example, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers*, 130 F. 3d 1381, 1384 (10th Cir. 1997). Under this exception to the general rule, it was proper for the motion to dismiss by Allstate to rely

3

Plaintiff does not dispute that she voluntarily signed the release or that the matter before this court falls within the scope of the release. Rather, she asserts that Allstate reduced the amount of UM/UIM benefits it agreed to pay her in the settlement by offsetting the amount already paid in MedPay benefits, thus rendering the settlement agreement contrary to public policy, as determined in *Calderon*. She contends that "Insurers like Allstate cannot use releases to accomplish what the law forbids, and illegal agreements improperly diluting UM/UIM coverage are unenforceable." Aplt. Br. at 4–5.

But we rejected an identical argument in *McCracken*, 896 F.3d 1166. In that case the plaintiffs held insurance policies that included MedPay coverage and UM/UIM coverage, and they received MedPay benefits after being injured in motor-vehicle collisions. *See id*. at 1169–70. Then, before *Calderon* was handed down, they

---

on its settlement-offer letter of June 11, 2014, because the letter was referenced and relied on in Plaintiff's complaint.

But the district court ultimately relied on the settlement agreement attached to Allstate's answer to the complaint. This was not proper in resolving a motion under Rule 12(c). The complaint made no mention of the settlement agreement and that agreement was not "central" to Plaintiff's claim. *Id.* Accord and satisfaction, release, and waiver are affirmative defenses, not part of the claim. *See* Fed. R. Civ. P. 8(c)(1). Such a defense must be pleaded by the defendant, and "it is proper to dismiss a claim on the pleadings based on an affirmative defense . . . only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

Nevertheless, on appeal Plaintiff does not challenge the facts relied upon by the district court and she does not argue that Allstate's assertion of an affirmative defense precluded judgment on the pleadings. Accordingly, this issue is waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

4

discharged all their claims against their insurers in settlement agreements where the insurers offset the MedPay payments in calculating the settlement amounts under the UM/UIM coverage. *See id.* Relying in large part on the decision of the Colorado Court of Appeals in *Arline v. American Family Mutual Insurance Co.*, 431 P.3d 670 (Colo. App. 2018), we held that the releases were not contrary to public policy and were enforceable. *See McCracken*, 896 F.3d at 1172–75.

We had filed our opinion in *McCracken* by the time Plaintiff submitted her reply brief in this case. That brief noted that a petition for certiorari with the Colorado Supreme Court was pending in *Arline*, and she made the reasonable request that we withhold decision until the high court acted on the petition. It has now denied the petition. *See Arline v. American Family Mut. Ins. Co.*, No. 18SC511, 2018 WL 6497033 (Colo. Dec. 8, 2018).

Because the relevant facts here are indistinguishable from those in *McCracken*, we are bound by that precedent and accordingly reject Plaintiff's argument.

We **AFFIRM** the judgment below.

Entered for the Court


Harris L Hartz
Circuit Judge

5