FILED
United States Court of Appeals
Tenth Circuit

October 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LYNN EUGENE SCOTT,

    Plaintiff - Appellee,

v.

STEVENSON CARY; CITY OF
AURORA,

    Defendants - Appellants,

and

JOHN DOE, Stevenson Cary's Supervisor
at Aurora Police Department,

    Defendant.

No. 19-1464
(D.C. No. 1:18-CV-00610-WJM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

    Plaintiff Lynn Scott brought suit against the City of Aurora, Aurora police

officer Stevenson Cary, and John Doe (Cary's supervisor) alleging liability under

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal civil-rights statutes and Colorado law.  Defendants Aurora and Cary filed a motion to dismiss which, among other things, argued that they were entitled to sovereign immunity on the state-law claims because Plaintiff failed to comply with a pre-suit notice requirement in the Colorado Governmental Immunities Act (CGIA). The district court declined to dismiss the state-law claims on that ground and Defendants appeal.  We affirm.

## I.  Background

Under the CGIA, "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof . . . shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury . . . ."  Colo. Rev. Stat. § 24-10-109(1).  In a case involving a public entity other than the state, "the notice shall be filed with the governing body of the public entity[,] . . . the attorney representing the public entity," *id.* § 24-10-109(3)(a), or "a public entity's agent listed in the inventory of local governmental entities pursuant to [Colo. Rev. Stat. §] 24-32-116," *id.* § 24-10-109(3)(b).

Plaintiff's complaint alleged that "[p]ursuant to C.R.S. 24-10-109 the Plaintiff has mail [sic] an intent to sue to Aurora City Saftey [sic] Office on or around March 15, 2017."  Aplt. App. at 21.[1]  Defendants did not challenge the timeliness of the notice but the propriety of whom was served.  In support of their motion to dismiss, they submitted evidence that purportedly shows that the Aurora City Attorney is

---

[1] Plaintiff's complaint substantially repeated this allegation for each state-law claim.  *See* Aplt. App. at 22–25.

Aurora's listed agent for CGIA notices, and they asserted that Aurora does not have a safety office.

## II. Discussion

### A. Appellate Jurisdiction

Because the district court has not entered a final judgment, we first assure ourselves of our jurisdiction over this interlocutory appeal. Our precedent supports jurisdiction. "[P]ursuant to the federal collateral order doctrine, we have subject matter jurisdiction to hear appeals of orders denying motions to dismiss where the motions are based on state-law immunity from suit." *Sawyers v. Norton*, 962 F.3d 1270, 1287 (10th Cir. 2020) (brackets and internal quotation marks omitted); *see Aspen Orthopaedics*, 353 F.3d at 837.

### B. Propriety of Dismissal

We begin our analysis by noting that the issue before us is not one of subject-matter jurisdiction. Although Colorado considers the timeliness of notice under the CGIA to be a jurisdictional matter, *see Univ. of Colo. v. Booth*, 78 P.3d 1098, 1100 (Colo. 2003), the service defect alleged by Defendants is not, *see Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1256 (Colo. 2003) ("[S]ection 24-10-109(3) [provides] a statutory defense to claims rather than creating a jurisdictional prerequisite to suit."). We therefore need not consider whether we would be bound by a state-court view that an issue is jurisdictional. *Cf. Odom v. Penske Truck Leasing Co.*, 893 F.3d 739, 742 (10th Cir. 2018) ("[W]hen a state proscribes its own courts' jurisdiction over particular subject matter, it does not divest the authority of

3

federal courts within its borders.  This is because, as an axiom of our federal system, Congress alone defines the lower federal courts' subject-matter jurisdiction.").

Therefore, contrary to Defendants' suggestion, Federal Rule of Civil Procedure 12(b)(1), which concerns challenges to subject-matter jurisdiction, was not in play on this issue.  Defendants cite *Martinez v. Estate of Bleck*, 379 P.3d 315, 322 (Colo. 2016), for the proposition that Colorado requires courts to decide the issue of sovereign immunity on motion before trial.  But state procedural law ordinarily does not govern proceedings in federal court; and in any event there are adequate federal procedures for disposing of immunity issues before trial without reliance on Rule 12(b)(1).

We therefore agree with the district court that the proper framework for addressing Defendants' motion was under Federal Rule of Civil Procedure 12(b)(6). And our precedents establish that Plaintiff's complaint survives the motion.

Under Colorado law an alleged failure to send a CGIA notice to the correct location gives rise to an affirmative defense.  *See Univ. of Colo.*, 78 P.3d at 1100 (An alleged "failure to file the notice of claim with the appropriate officer or entity under section 24-10-109(3) gives rise to an affirmative defense.").  And in federal court a complaint need not anticipate and address an affirmative defense.  *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("A plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense.").  A court should "dismiss a claim on the pleadings based on an affirmative defense only when

4

the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Id.*; *see Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

We recognize that under Colorado law "a plaintiff must plead compliance with the CGIA's notice provisions." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003). But even if Colorado law governs pleading in federal court (which we need not resolve), we have held that the pleading need not provide details. "Generally, an allegation such as the following would suffice: 'Plaintiff fully complied with the provisions of Colo.Rev.Stat. section 24-10-109.'" *Id.* at 841. Plaintiff's complaint sufficed because it alleged compliance with the notice provision of the CGIA by stating that he mailed notice of his intent to sue "[p]ursuant to C.R.S. 24-10-109." Aplt. App. at 21; *see also id.* at 22–25.

Defendants contend that the allegation is insufficient because the complaint specified that Plaintiff mailed the notice to the Aurora Safety Office, which does not exist. But the nonexistence of that office does not appear on the face of the complaint. And we cannot say with certainty that the recipient of the notice was not authorized to accept service, particularly in light of the view of the Colorado Supreme Court that in some circumstances a plaintiff can comply with § 24-10-109(3) by sending notice to a party not expressly contemplated by the

5

statute. *See Finnie*, 79 P.3d at 1258 (courts should "consider principles of agency and equity, the purposes of the statute, and concerns of protecting plaintiffs from misrepresentations by governmental entities" on a "case-by-case" basis to determine whether a notice sent to a party not listed in the statute complies).

## III.  Conclusion

We affirm the district court's order denying Defendants' motion to dismiss the state-law claims and remand for further proceedings.

Entered for the Court


Harris L Hartz
Circuit Judge

6