**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

DEBRA ANN CARR,

    Plaintiff - Appellant,

v.

SHERWIN WILLIAMS
MANUFACTURING,

    Defendant - Appellee.

No. 25-3130
(D.C. No. 6:25-CV-01040-EFM-GEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

Debra Ann Carr, proceeding pro se,[1] appeals the district court's screening dismissal of her employment discrimination complaint. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe pro se pleadings liberally, meaning we may excuse "failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," and "unfamiliarity with pleading requirements," but we do not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.    BACKGROUND & PROCEDURAL HISTORY

Carr filed a lawsuit in the United States District Court for the District of Kansas, accusing her former employer, Sherwin Williams Manufacturing, of various forms of employment discrimination (sex, race, color, and disability) along with retaliation for reporting discrimination.  Because Carr moved to proceed *in forma pauperis* (IFP), the court screened her complaint.  *See* 28 U.S.C. § 1915(e)(2)(B) (requiring the court to "dismiss [any IFP] case at any time if the court determines that," among other things, the plaintiff "fails to state a claim on which relief may be granted").

A magistrate judge recommended dismissing the complaint for failure to state a claim because it wasn't timely filed.  Specifically, Carr had ninety days from the date she received her EEOC right-to-sue letter to file her lawsuit.  *See* 42 U.S.C. § 2000e-5(f)(1).  Carr's EEOC right-to-sue letter (attached to her complaint) was dated August 23, 2024, but she didn't file this lawsuit until March 5, 2025.  The magistrate judge acknowledged that the ninety-day requirement "functions as a statute of limitations on the suit, [and] is subject to equitable principles of waiver or equitable tolling," R. at 139, but concluded that Carr's "pleadings do not raise any issues relevant to equitably tolling the statute of limitations for this employment discrimination suit," R. at 140.  Thus, the magistrate judge recommended dismissal.

Carr timely objected to the recommendation.  She stated:

> I was in the hospital or homeless . . . so I filled every paper
> out as soon as I could but going homeless, hosp[ita]lized as
> well and my pain from this attack [referring to a sexual

2

> assault that was part of her claim for sex discrimination]
> kept me from meeting certain guidelines in a mannerable
> [sic] time but I [have] been doing the best I can with
> compliance.

R. at 259.

A few days later, the district court issued a short order adopting the magistrate judge's recommendation because Carr's objection "[did] not address the statute of limitations issue, nor proffer any equitable waiver or tolling arguments."  R. at 260. This appeal timely followed the district court's entry of final judgment.

## II.    ANALYSIS

We review a § 1915 screening dismissal de novo.  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

In this appeal, Carr argues that the district court erred because "all evidence hadn't even been submitted [] timely nor correctly exspecially [sic] if I wasn't getting mail timely because [of] living situations (homeless) as well as healing."  Aplt. Opening Br. at 4.  Liberally construed, Carr argues that the district court failed to consider her arguments in support of equitable tolling.  We agree.

"[T]here can be no question that a limitations issue is an affirmative defense; [Fed. R. Civ. P.] 8(c)(1) explicitly lists 'statute of limitations' as such."  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).  "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."  *Fogle v. Pierson*, 435 F.3d

3

1252, 1258 (10th Cir. 2006) (internal quotation marks omitted).  Moreover, "[a] plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant." *Fernandez*, 883 F.3d at 1299.

In light of these precedents, Carr had no obligation to plead facts in support of timeliness until the magistrate judge raised the issue.  So her objection to the recommendation appropriately alleged circumstances that might make the complaint timely.

The district court incorrectly concluded that Carr's objection "[did] not address the statute of limitations issue, nor proffer any equitable waiver or tolling arguments."  R. at 260.  We acknowledge that Carr's objection wasn't entirely clear, but considered in context, it is obvious that she attempted to explain the lateness of her filing—or in other words, she offered facts that potentially support equitable tolling.  And again, because Carr had no obligation to plead in her complaint any facts supporting equitable tolling, she appropriately raised those facts for the first time in her objection.  In short, Carr did not waive the issue in the district court by failing to timely plead facts supporting equitable tolling, *see Fernandez*, 883 F.3d at 1299, and she did not waive appellate review by failing to timely and specifically object to the recommendation, *cf. United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

One might reasonably question whether Carr's statements in her objection are enough to establish equitable tolling.  But "[w]here an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the

4

issue," *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013), unless the "proper resolution is beyond any doubt," *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). This case falls in the former category, not the latter, especially considering that a screening dismissal based on an affirmative defense is appropriate only when "the defense is obvious from the face of the complaint and no further factual record is required to be developed," *Fogle*, 435 F.3d at 1258 (internal quotation marks omitted).

## III.   CONCLUSION

We reverse the district court's ruling that Carr failed to respond to the substance of the magistrate judge's recommendation, vacate the judgment, and remand for further proceedings consistent with this order and judgment.

Entered for the Court


Nancy L. Moritz
Circuit Judge