# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1898

———————————————

Rodney Michael Reynolds

*Plaintiff - Appellant*

v.

Little Rock School District; Michael Poore, In his official capacity as
Superintendent of the Little Rock School District

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

————————

Submitted: April 15, 2021
Filed: August 2, 2021
[Unpublished]

————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

————————

PER CURIAM.

After choosing to retire rather than face termination, Rodney Reynolds sued
his former employer for retaliation under the Rehabilitation Act. The question here

is whether he exhausted his administrative remedies. Like the district court,[1] we conclude that he did not, so we affirm the dismissal of his complaint.

## I.

Reynolds, who served for many years as a special-education teacher in the Little Rock School District, frequently complained about the inequality in instruction and resources for disabled students. Over time, the school district became less receptive to his complaints.

With tensions growing, the school district decided to transfer him to a new position. About a year before, Reynolds had suffered a family tragedy that caused him to develop anxiety. He protested the new assignment, which he feared would worsen his anxiety, but to no avail.

As he feared, his anxiety became worse, to the point where he had to take medical leave. After four months away, an employee-relations specialist called him to ask whether he would be returning to work. When he said "not at [this] time," she allegedly gave him two choices: retire or be fired. Reynolds chose retirement.

When Reynolds later sued under the Rehabilitation Act, his theory was that the school district retaliated against him due to his complaints about the treatment of disabled students. *See* 29 U.S.C. § 794(a); *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (recognizing that retaliation claims may be brought under the Rehabilitation Act). The district court dismissed the case because, among other reasons, he had failed to exhaust his administrative remedies.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

## II.

Referenced in and attached to Reynolds's complaint is a charge he filed with the Equal Employment Opportunity Commission. In it, he did not mention retaliation or the Rehabilitation Act. Nor did he check the "retaliation" box on the form, marking only the one for "disability" discrimination instead. His sole claim was that the school district's decision to assign him to a new position reflected a failure to accommodate his disability. In short, the theory he now raises is not the same one that was described in his charge.

Assuming that Reynolds had to exhaust his administrative remedies in these circumstances,[2] his position is that he got close enough by mentioning the reassignment. Even liberally construing the charge, however, we cannot invent "a claim [that] simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks omitted). Nor can we say that the claim he described— one for disability discrimination—is "like or reasonably related to" the one he now makes for retaliation. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944–45 (8th Cir. 2021) (quotation marks omitted) ("We have long treated discrimination and retaliation claims as distinct for exhaustion purposes . . . ."). The latter claim, in other words, remains unexhausted.

---

[2]The briefing does not address this threshold question. *See Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) (requiring exhaustion under the Rehabilitation Act). *But see Morgan v. U.S. Postal Serv.*, 798 F.2d 1162, 1164–65 (8th Cir. 1986) (per curiam) (explaining that exhaustion is not required for actions brought under section 504 "against employers receiving federal assistance"). Indeed, the school district mentioned during oral argument that there was "no debate" on this point, perhaps because Reynolds's position was that he *had* exhausted, not that it was *unnecessary* for him to do so. *See United States v. Adkins*, 636 F.3d 432, 434 n.3 (8th Cir. 2011) (explaining that arguments not raised by the appellant are waived). Given that the parties have litigated this case as if Reynolds needed to exhaust, we will proceed under that assumption too.

Still, Reynolds argues it was too early for the district court to dismiss the case based on an affirmative defense. Ordinarily, he would be right, but not when "the complaint itself establishes the defense." *Id.* at 943 (quotation marks omitted); *see also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (affirming the Rule 12(b)(6) dismissal of age-discrimination and retaliation claims for failure to exhaust when there was no mention of them in the charge). Here, Reynolds's complaint discusses the charge, quotes it at length, and even attaches it as an exhibit. Under these circumstances, he has "pleaded himself out of court." *Weatherly*, 994 F.3d at 944.

## III.

We accordingly affirm the judgment of the district court.

_____