*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0722**

Bridgette Williams,
Appellant,

vs.

Minnesota State Guardian ad Litem Board,
Respondent.

**Filed March 16, 2026**
**Affirmed**
**Schmidt, Judge**

Ramsey County District Court
File No. 62-CV-24-5754

Bridgette Williams, Farmington, Minnesota (pro se appellant)

Keith Ellison, Attorney General, Anna Veit-Carter, Assistant Attorney General, St. Paul,
Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Larson, Judge; and Schmidt,
Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant Bridgette Williams appeals the district court's order dismissing her
claims on the pleadings. We affirm.

**FACTS**

The following facts are drawn from the allegations raised in Williams' complaint. Respondent Minnesota State Guardian ad Litem Board (the board) hired Williams to work as a guardian ad litem. Within the first year of her employment, Williams' manager raised concerns with performance issues related to failing to file timely reports. At the meeting, Williams told her manager about personal and family medical issues. The manager advised Williams to request a leave of absence to address those issues. The manager neither gave Williams an oral reprimand nor placed her on a performance improvement plan.

Williams sent a form requesting approval for Family and Medical Leave Act (FMLA) leave to an unspecified email and received no response. Williams later submitted another FMLA request to a different email address. The board approved the request, but Williams did not take the leave because she no longer felt that she needed the time off.

Williams received notice of a *Loudermill* hearing to address her performance.[1] At the hearing, Williams reiterated her personal issues. The board imposed no discipline but requested that Williams send an email outlining barriers impacting her job performance.

While Williams was on intermittent FMLA leave, her employer made changes to her schedule and job duties. Upon her return to work, Williams learned of the changes and was told that her manager had discretion to make those changes. Williams was also advised to take full FMLA leave. Two days later, Williams went on full FMLA leave.

---

[1] A *Loudermill* hearing is a required process for public employees before an employer can make a decision that impacts or terminates the employee's employment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-45 (1985).

When she returned to work five weeks later, Williams' manager assigned her a reduced caseload. Williams requested an Americans with Disabilities Act (ADA) accommodation. She later received a second *Loudermill* hearing notice to discuss performance issues. The same day Williams received the notice, she was again placed on a performance-improvement plan. Williams met with human resources to discuss her ADA-accommodation request. They also discussed the outside-employment form that Williams had submitted, in which she disclosed that she had two other jobs.

Williams then submitted a timecard reflecting only 76 hours of work in a two-week pay period. Williams was placed on investigatory leave because the board requires guardian ad litem employees to submit timecards for 80 hours of work per pay period. As part of the investigation, Williams provided timecards from her other jobs.

Williams received a third *Loudermill* hearing notice to address her failure to disclose her outside employment. During the hearing, Williams explained that a previous supervisor had given her permission to work all three jobs. Human resources informed Williams that an email from a supervisor was insufficient to comply with the board's outside-work policy, that she had violated the policy, and that the hours she had reported between the three jobs were unrealistic. The board terminated Williams's employment.

Williams sued, alleging violations of (1) the Minnesota Human Rights Act (MHRA); (2) the ADA; and (3) FMLA. The board filed a motion to dismiss the complaint on the pleadings. The district court granted the board's motion to dismiss.

Williams appeals.

**DECISION**

Williams argues the district court erred by (1) determining the statute of limitations expired on her MHRA claim; (2) ruling that she failed to exhaust the administrative remedies on her ADA claim; and (3) dismissing her FMLA retaliation claim. We address each issue in turn and conduct a de novo review of the district court's order dismissing the complaint on the pleadings. *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014).

## I. Williams' MHRA claims were untimely.

Williams argues that the district court erred by determining her MHRA claim was barred by the statute of limitations. Williams does not, however, cite any legal authority to support her argument. Claims that are not supported by arguments or citations to legal authority are forfeited. *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008).

Nonetheless, our review of the record reflects that the district court correctly determined that the statute of limitations barred Williams' MHRA claim because she was required to file a charge with the Minnesota Department of Human Rights or initiate a case within one year of the alleged discriminatory practice. *See* Minn. Stat. § 363A.28, subd. 3(a) (2024). Williams' complaint contains no information about submitting a charge to the Minnesota Department of Human Rights. And the complaint was served nearly two years after the termination of her employment, which is outside the one-year statutory deadline to assert an MHRA claim. *Id.* The district court properly dismissed Williams' MHRA claim as untimely.

4

**II. The district court did not err by dismissing Williams' ADA claim.**

Williams argues that the district court erred by dismissing her ADA claim. A plaintiff asserting an ADA claim must first exhaust their administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC) before commencing an action in court. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021). The charge must be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1) (2018). When a plaintiff has not timely exhausted their administrative remedies, any ADA claim filed in court must be dismissed. *See Weatherly*, 994 F.3d at 946.

Williams argues that the deadline to file an EEOC charge was "suspended" because she was engaged in an internal, voluntary dispute-resolution process related to her ADA claim. Williams also asserts that she filed a charge with the EEOC. We are not persuaded.

Williams did not present her argument to the district court about the deadline to file an EEOC charge being suspended. There was also nothing submitted to the district court to demonstrate that the statute of limitations was tolled during her union grievance process. As such, the argument is forfeited. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating an appellate court may consider only issues presented to the district court).[2]

---

[2] Williams relies upon documents outside the record of this appeal to assert that she filed a charge with the EEOC. Even if we were to consider the extra-record declaration, it does not save Williams' ADA claim because her declaration averred that she submitted the document *after* the statutory deadline expired.

**III.** **The district court did not err by dismissing Williams' FMLA retaliation claim.**

Williams argues that the district court erred by dismissing her FMLA retaliation claim. But Williams does not support her argument with any legitimate citations to legal authority. As such, her FMLA arguments are forfeited. *See Bartylla*, 755 N.W.2d at 22.

Even if we were to consider this issue, we would conclude that the district court did not err in dismissing the complaint on the pleadings while Williams attempted to obtain evidence through a subpoena. The district court's analysis as to its ruling on the board's motion was limited to the facts as alleged in the complaint. *See Walsh*, 851 N.W.2d at 606. The court appropriately accepted the facts alleged in the complaint as true and construed all reasonable inferences in favor of Williams as the nonmoving party. *See id.* Any evidence that might have been obtained through the subpoena would have been immaterial to the district court's analysis on the board's rule 12 motion to dismiss on the pleadings. Williams' subpoena argument does not demonstrate reversible error.[3]

**Affirmed.**

---

[3] On appeal, Williams does not challenge the district court's determination that her complaint did not set forth a legally sufficient claim for relief. Instead, Williams attempts to shift her FMLA-retaliation claim to an FMLA-interference claim. But Williams did not plead an interference claim or make these arguments to the district court. As such, the FMLA-interference argument is forfeited. *Thiele*, 425 N.W.2d at 582 ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).