# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1465

_____

Sara Dobbins

*Plaintiff - Appellant*

v.

Brooke L. Rollins, Secretary U.S. Department of Agriculture

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 14, 2026
Filed: June 24, 2026

_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Sarah Dobbins sued the U.S. Department of Agriculture for sex and disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, when she was suspended and fired. She also claims USDA created a hostile work environment and failed to

accommodate her. The district court[1] granted USDA's motion for summary judgment. We affirm.

## I.

We recite the facts in the light most favorable to Dobbins. *See Schmit v. Trimac Transp., Inc.*, 172 F.4th 612, 615 (8th Cir. 2026). Dobbins started working at USDA in 2006. Her husband was abusive and around 2019, she developed depression, anxiety, and PTSD. When her supervisor learned about the abuse, he allowed her flexible leave, flexible start times, and ad hoc telework. After he retired in 2019, USDA provided interim accommodations, allowing Dobbins to continue using a flexible schedule but requiring her to submit scheduling requests one week in advance.

Charles Parr took over supervising Dobbins in 2021. He noticed she was often late or absent from work without approval. Dobbins thought Parr was unsympathetic and hostile toward her: limiting her leave, revoking her flexible start time, belittling and berating her, and talking about her mental health in front of co-workers. Parr also tried to stop her from filing an EEOC complaint.

Dobbins does not dispute that she was often late or absent. The record has evidence of over thirty "absent without leave" infractions in four months, some spanning multiple days. USDA suspended Dobbins without pay for a week in January 2022, citing her absences. She stopped showing up for work altogether that May, was given a notice of proposed removal in July, was placed on paid administrative investigative leave in September, and was sent her official termination letter in January of 2023. She filed an EEOC complaint, claiming USDA unlawfully discriminated against her when it issued the notice of proposed

---

[1]The Honorable Lajuana M. Counts, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

removal and when it placed her on administrative leave. The EEOC investigated and found no actionable harassment or discrimination. This lawsuit followed.

## II.

"We review an order granting summary judgment *de novo*." *Schmit*, 172 F.4th at 618. We draw all reasonable inferences in favor of Dobbins and may affirm based on any grounds supported in the record. *Id.*

## A.

Dobbins says her depression, anxiety, and PTSD disabled her and that she has direct evidence of discrimination. She points to her testimony that Parr called her "little girl"; told her to leave her home issues at the door; questioned her medical needs; and berated her for missing work, even when it was for medical or safety reasons. Proving discrimination via direct evidence is "rare" since "the evidence 'must be strong and clearly point to an illegal motive.'" *Huber v. Westar Foods, Inc.*, 139 F.4th 615, 622 (8th Cir. 2025) (en banc) (citation omitted), *cert. denied*, 146 S. Ct. 885 (2025); *see also Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1034 (8th Cir. 2007) (applying direct evidence standard to ADA claim).[2] Dobbins's evidence does not make this the rare case.

The first two alleged comments have nothing to do with Dobbins's disability, so they cannot show "a specific link between the alleged discriminatory animus and the challenged decision." *Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 924 (8th Cir. 2014). Parr's discussing Dobbins's health condition does not "clearly point to an illegal motive as the basis for" his decision. *Id.* (discussing employee's medical condition "on several occasions" was "consistent with a new supervisor [] attempting to familiarize himself with a new subordinate" and was not direct

_____

[2]While the ADA does not apply to federal employees like Dobbins, 42 U.S.C. § 12111(5)(B)(i), "cases interpreting the ADA and the Rehabilitation Act are interchangeable," *Ballard v. Rubin*, 284 F.3d 957, 960 n.3 (8th Cir. 2002).

evidence of discrimination); *cf. St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012) (questioning interviewee about his knee injury and discussing his medical status with HR representatives was not direct evidence that the City perceived him as disabled). Nor is there enough evidence that Parr's angry outbursts and criticism were because of Dobbins's disability, rather than a general frustration with her tardiness and absences. *See, e.g.*, *Huber*, 139 F.4th at 624–25 (supervisor's anger towards employee who missed work for a medical emergency was not sufficient direct evidence of discrimination because it could be attributed to her failure to communicate that she would be late or the lost business her absence caused, rather than her disability).

We also do not think that Dobbins has enough indirect evidence of discrimination to prove a claim under the *McDonnell-Douglas* burden-shifting framework. *See id.* at 623 (outlining the framework). Assuming she has established a prima facie case, she has not shown that USDA's legitimate, nondiscriminatory reason for firing her—repeated and unexcused absences—was mere pretext for discrimination. *See, e.g.*, *Price v. S-B Power Tool*, 75 F.3d 362, 365–66 (8th Cir. 1996) (even if employee made out a prima facie case, summary judgment was appropriate where employer cited attendance policy violations as its nondiscriminatory reason and employee did not offer evidence supporting pretext).

To show pretext, Dobbins must cite evidence showing a genuine dispute that "discrimination was the real reason" for her termination. *Huber*, 139 F.4th at 625 (citation omitted). She can do so by showing USDA's legitimate, nondiscriminatory reason for firing her has no basis in fact or that it is more likely that a prohibited reason motivated its decision. *Id.* Dobbins admits she was often late or absent, so she must point to evidence from which a reasonable jury could conclude that "the attendance policy was just an excuse for the decision to fire her." *Id.*

Dobbins argues USDA's treatment of another employee, who was granted 15 minutes of leave on a day Dobbins was not allowed any and who was told she could telework when necessary, shows pretext. *See Schaffhauser v. United Parcel Serv.,*

*Inc.*, 794 F.3d 899, 904 (8th Cir. 2015) (plaintiff may show pretext "by showing that an employer . . . treated similarly-situated employees in a disparate manner"). But Dobbins and the other employee were not similarly situated. USDA restricted Dobbins's leave and telework because of her excessive absences. There is no evidence that the other employee had a history of unexcused absences. *Id.* (a comparable employee must be "similarly situated in all relevant respects," including having "engaged in the same conduct without any mitigating or distinguishing circumstances" (citations omitted)).[3]

Finally, we are not convinced that firing Dobbins for attendance reasons was discriminatory because her absences were related to her disability. She admits sometimes she missed work because of her children's health and scheduling needs, not her disability. And her medical absences were only recorded as leave infractions when she failed to request time off in advance or when she would no-show and then not follow up with proper medical documentation. She does not allege that her disability stopped her from complying with USDA's attendance procedures, so she has not shown discrimination on the basis of disability. *See Huber*, 139 F.4th at 627 ("[T]erminating an employee for workplace misconduct, even misconduct related to a disability, is not discrimination on the basis of disability." (cleaned up)).

B.

Dobbins's hostile work environment claim fails too because she does not have evidence that any harassment based on her disability was "sufficiently 'severe or pervasive' to affect a term, condition, or privilege of [her] employment." *Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 634 (8th Cir. 2016) (citation omitted). Most

---

[3]Dobbins also argues we can infer pretext because Parr failed to follow USDA's domestic violence and reasonable accommodation policies and because he violated FMLA confidentiality requirements. But she did not make that argument to the district court when opposing summary judgment on her disparate treatment claim, so we will not consider it for the first time on appeal. *See Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954, 967 (8th Cir. 2024).

of the evidence she cites is not connected to her disability. She says that when she was late, Parr would point it out and charge her with fifteen minutes of leave; that he placed her on leave restrictions after she was late when her son would not get out of the car on his first day of school; and that he insisted she arrive by her nine o'clock start time, regardless of whatever home-life issues she was having. This shows how Parr reacted when Dobbins arrived late but not that Dobbins was subjected to a hostile work environment because of her disability. *See Lenzen v. Workers Comp. Reinsurance Ass'n*, 705 F.3d 816, 822 (8th Cir. 2013) ("[An employee] must show not only that the alleged harassment was severe and pervasive, but also that she was singled out because of her disability." (emphasis omitted)). And the remaining evidence—that Parr requested more medical information, required it in certain formats or with wet-ink signatures, and talked about her disability in front of another co-worker—are at most "rude or unpleasant," but that is not enough. *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 922–23 (8th Cir. 2018) (citation omitted).

## C.

Dobbins next argues that the district court erred in granting summary judgment on her sex-discrimination claims and her disability-based retaliation claim. But she did not oppose USDA's motion for summary judgment on those claims. *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) ("The 'failure to oppose a basis for summary judgment constitutes waiver of that argument,' because the non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment." (citation omitted)). And rather than addressing this forfeiture on appeal, Dobbins jumps straight to arguing the merits. Doing so "ignores our general rule that a party" "cannot assert arguments that were not presented to the district court in opposing summary judgment," so we decline to address her forfeited arguments. *Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954, 967 (8th Cir. 2024) (cleaned up).

D.

We also affirm the district court's grant of summary judgment to USDA on the failure to accommodate claim because Dobbins did not exhaust it with the EEOC. *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (per curiam) ("[A] plaintiff suing under the Rehabilitation Act must exhaust administrative remedies."); *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (requiring plaintiff to administratively exhaust failure to accommodate claim). Dobbins's EEOC complaint alleges two instances of sex- and disability-based disparate-treatment discrimination: when USDA gave her a notice of proposed removal in July 2022 and when it placed her on administrative leave that September. She did not allege a failure to accommodate.

We do not agree that complaining about disability discrimination generally was enough to exhaust her failure to accommodate claim. Failure to accommodate under the Rehabilitation Act "is a separate form of prohibited discrimination," distinct from disparate-treatment discrimination, *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004); *contrast* 29 C.F.R. § 1630.9(a), *with* § 1630.4(a), and must be independently exhausted, *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 898 (8th Cir. 2024) ("Each incident of discrimination . . . constitutes a separate actionable unlawful employment practice, with its own exhaustion requirement." (cleaned up)). And while Dobbins "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge," *id.* at 899 (citation omitted), "the scope of [her] judicial complaint can be no broader than the scope of the EEOC investigation that 'could reasonably be expected to grow out of the charge,'" *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 945 (8th Cir. 2021) (quoting *Wedow v. City of Kansas City*, 442 F.3d 661, 674 (8th Cir. 2006)). The EEOC investigation reasonably focused on the two alleged incidents of disparate treatment. And the EEOC's report references a request for accommodation Dobbins made with a past supervisor in 2020, which Dobbins also mentioned in her agency interview, but it says nothing about Parr's failure to accommodate her in 2021, which is what she appeals here.

E.

Finally, Dobbins appeals the grant of summary judgment on her "wrongful discharge" claim. We are not sure what that means. To the extent she is referring to a state law cause of action, *see Sherman v. Berkadia Com. Mortg. LLC*, 956 F.3d 526, 533 (8th Cir. 2020), she only pleaded federal claims. If she is referring to constructive discharge, that "is not a free-standing cause of action." *Schmit*, 172 F.4th at 621. And we have already found that her termination was not a form of disparate-treatment disability discrimination, so we affirm the district court's grant of summary judgment on "wrongful discharge" as well.

III.

Affirmed.

_____